IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROGERS-O'BRIEN CONSTRUCTION, LLC, § § § | | |
| Plaintiff, § § | | |
| v. § § | CIVIL ACTION NO. 5:20-cv-590 | |
| MICROSOFT CORPORATION, § § | | |
| Defendant. § § | | |

**PLAINTIFF ROGERS-O'BRIEN CONSTRUCTION, LLC'S ORIGINAL COMPLAINT**

Plaintiff Rogers-O'Brien Construction, LLC ("RO" or "Contractor") files this Original Complaint against Defendant Microsoft Corporation ("Owner" or "Microsoft") and states as follows:

### A. PARTIES

1. Plaintiff Rogers-O'Brien Construction, LLC is a Texas limited liability company performing work in San Antonio, Bexar County, Texas.

2. Upon information and belief, Microsoft is incorporated, organized and existing under the laws of the State of Washington. Microsoft maintains its principal place of business at One Microsoft Way, Redmond, Washington 98052. Microsoft may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## B. JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this District and in this Division pursuant to 28 U.S.C. § 1391, in that performance under the Master Construction Contract ("Contract") at issue was performed in Bexar County, Texas, within this district, and therefore, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. The Contract expressly provides that venue is proper in the Project locality which is Bexar County, Texas.

## C. FACTUAL BACKGROUND

5. On or around October 7, 2017, RO and Microsoft entered into the Contract to complete the project in Bexar County, Texas. RO has completed its work under the Contract. Microsoft has hindered and delayed the Project without compensating RO in the amount of $34,239,947.74, including retainage in the amount of $13,566,098.20. On or around March 4, 2020, RO filed an affidavit claiming lien in Bexar County, Texas, in the amount of $34,239,947.74. RO seeks foreclosure of its lien.

6. RO has attempted to resolve payment through demand letters. Owner has failed and refused to pay all amounts due and owing. Thus, RO seeks payment for breach of the contractual obligation to pay for the work, and for attorneys' fees, costs, and expenses incurred in connection with performance of the Contract.

7. RO reserves the right to amend this Complaint.

### D. CLAIMS

**COUNT I- Breach of Contract**

8. RO incorporates by reference all prior paragraphs. Owner has a Contract with RO requiring payment of all costs and expenses of construction. Ex. A. Owner has not paid RO in the amount of $34,239,947.74 due under the Contract. RO has demanded payment, and Owner refuses payment. Owner's non-payment is a material breach of Owner's contractual duties. Owner's acts and omissions have damaged RO, for which it seeks recovery, plus attorney fees and expenses as permitted by law, contract, and statute.

**COUNT II- Lien Foreclosure**

9. RO incorporates by reference all prior paragraphs. RO has taken all steps necessary to perfect and create a statutory lien against the Project pursuant to Chapter 53 of the Texas Property Code, as well as a Constitutional lien pursuant to Article 16, Section 37 of the Texas Constitution. Tex. Prop. Code § 53. The Affidavit for Statutory Mechanic's and Materialman's Lien and Constitutional Lien was filed on March 4, 2020, as Document Number 20200047572 in the Official Public Records of Bexar County, Texas.

10. RO seeks a finding that the lien is valid and enforceable, and an Order of Sale. Any excess funds shall be paid to Owner after satisfaction of RO's claim.

### E. DAMAGES

11. As a result of Owner's acts and omissions, RO has suffered actual damages in the amount of $34,239,947.74, including delay damages, increased construction costs, and increased general requirements. Owner's actions generated additional general requirements and indirect costs to complete the work, including legal fees for which RO seeks recovery. RO reserves the right to revise, amend, or supplement its damages.

### F.     ATTORNEY'S FEES, INTEREST, AND COSTS

12.     RO seeks recovery of attorney's fees and costs under Texas Civil Practice and Remedies Code §38.001 *et seq.*, Texas Property Code §28.004, Texas Rules of Civil Procedure 131 and 141, and any other applicable statute.  It also seeks pre-and post-award interest at the maximum rate allowed by law.

### G.     CONDITIONS PRECEDENT

13.     RO has satisfied, or substantially complied with all conditions precedent to its right to recovery, or Owner has waived or excused such conditions precedent.

### CONCLUSION AND PRAYER

For these reasons, Rogers-O'Brien Construction respectfully asks the Court to enter judgment against Microsoft Corporation for the following relief:

(a) The amount of actual damages suffered by RO;
(b) An Order of Sale;
(c) The amount of any consequential, incidental, or special damages suffered by RO as permitted;
(d) Prejudgment and post-judgment interest;
(e) Appellate fees;
(f) Attorneys' fees; and
(g) Any other relief, both legal and equitable, to which RO may be justly entitled.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted,

COKINOS | YOUNG
Las Cimas IV
900 S. Capital of Texas Highway
Suite 425
Austin, Texas 78746
(512) 476-1080 (Office)
(512) 476-1198 (Direct)
(512) 610-1184 (Fax)

By: */s/ Stephanie Cook*
STEPHANIE COOK
State Bar No. 24013071
scook@cokinoslaw.com

**ATTORNEY FOR PLAINTIFF**