**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| ROGERS-O'BRIEN § <br> CONSTRUCTION, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MICROSOFT CORPORATION § <br> § <br> Defendant. § <br> § | CIVIL ACTION NO. 5:20-cv-590-FB |

**PLAINTIFF ROGERS-O'BRIEN CONSTRUCTION, LLC'S AMENDED COMPLAINT**

Plaintiff Rogers-O'Brien Construction, LLC ("RO" or "Contractor") files this Amended Complaint against Defendant Microsoft Corporation ("Owner" or "Microsoft") and states as follows:

**NATURE OF THE ACTION**

1. This case concerns Owner's continued failure to pay RO for its work performed at the Project. Since summer of 2018, Microsoft has failed to timely approve change orders, failed to acknowledge design and owner-vendor delays, failed to coordinate its own vendors, and failed to pay RO for continued work and delay damages, essentially requiring RO to fund Owner's construction. At the same time, Owner has engaged in active interference by diverting, interrupting, and hindering the Project development and continued progress, for which RO seeks actual damages for compensable delay costs.

## PARTIES

2. Plaintiff Rogers-O'Brien Construction, LLC is a Texas limited liability company performing work in San Antonio, Bexar County, Texas.

3. Upon information and belief, Microsoft is incorporated, organized and existing under the laws of the State of Washington. Microsoft maintains its principal place of business at One Microsoft Way, Redmond, Washington 98052. Microsoft may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701, or through counsel.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is proper in this District and in this Division pursuant to 28 U.S.C. § 1391, in that performance under the Master Construction Contract (the "Contract") at issue was contemplated to take place within this District, and therefore, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## FACTUAL BACKGROUND

6. RO has been a general contractor in Texas for 50 years. It has successfully navigated economic downturns, supplier logistics and challenges, and emerging construction projects. RO has a track record of working with owners and suppliers to create positive trade relationships to better facilitate construction which is evident in its successful data center projects with other third parties. Despite RO's seasoned reputation, Microsoft has hindered and delayed

the Project without compensating RO in the amount of $34,239,947.74, including retainage in the amount of $13,566,098.20.

7. On or around October 7, 2017, RO and Microsoft entered into the Contract to complete the SAT 9/10 Facility.[1] Notably, the Contract governs the interrelations of Microsoft, its independent vendors, and their coordination with RO's work under the Contract. Microsoft has failed to adhere to the contractual requirements for ensuring that its independent contractors meet their contractual obligations and coordinate their activities with RO. By letters beginning February 2018, RO advised Owner that delays existed at the Project, and the scheduled milestones were delayed due to third-party design error. The Contract permits RO to rely on the accuracy of information provided by Owner. The February correspondence signaled continued errors in design, software, and ultimately manpower supplied by Microsoft's outside vendors.

8. In daily meetings and routinely in writing, RO continually advised Microsoft of the delays, but Microsoft failed to coordinate appropriate change or mitigation efforts with its outside vendors to respond, perform, or increase staffing to meet milestones. Microsoft's failure to coordinate its trade partners resulted in significant delays to the Project. These delays adversely impacted RO and delayed the Project schedule, through no fault of RO. In fact, Microsoft directed RO to shift resources from one segment to another to compensate for said delays, but failed to acknowledge any fault in coordination. Additionally, RO expressly requested assistance from Microsoft to increase one of Microsoft's separate contractor's resources, to no avail.

---

[1] Due to the nature of the Parties' agreement, the Court will be provided with certain documents under seal as required for pleadings.

9. Microsoft expressly contracted with RO to cooperate in completing the work and administering the Project services or coordination in an efficient manner, yet Microsoft did not fulfill its contractual duties.

### A. AHU Water Intrusion Events Affect the Durations

10. Notwithstanding the vendor delays, SAT 9/10 experienced significant AHU water intrusions due to Microsoft's vendors. From September 2018 through March 2019, RO participated in daily meetings to address ongoing AHU water issues. It was not until April of 2019 that daily Project team meetings to address the water intrusion (caused by Microsoft's vendors) reduced to three times per week. In August 2019, the meetings reduced to twice per week, and finally reduced again in September 2019 to a frequency of one meeting per week. Even then, Microsoft refused to acknowledge schedule impacts. A June 17, 2019 event resulted in an additional server buss replacement. The AHU water leaking issues continued with the most recent occurring on October 16, 2019 at SAT10-COLO1-AHU06.

11. As previously detailed, RO advised Owner in June 2018 of the water intrusion problems and subsequently in its September 7, 2018 notice. Significantly, Microsoft's vendor provided a corrective measure that proved defective. Successively, it was discovered that one of Microsoft's vendor's products was negatively contributing to the AHU water intrusion issues; this resulted in a stop work notice from Microsoft to one of Microsoft's vendors, requiring that certain vendor to rewrite the defective software and reprogram the system. The duration of the water intrusion (due to defective design) negatively impacted the schedule for which RO sought contractual relief that Microsoft refuses to approve.

**B.    Microsoft's Software Changes Adversely Affect the Project Causing Damages to RO**

12.    Throughout 2018, Owner and its required vendors consistently hindered the Project through software errors, failure to supply equipment, loss of personnel, and component malfunctions.  By December 2018, RO had documented ongoing vendor issues that would continue to adversely impact the Project through 2019.  RO repeatedly informed Owner of the scheduling impacts for the ongoing Owner-vendors, but Owner and its agents did not alter or mitigate their actions to accelerate the schedule.  Predictably, the design errors and inefficiencies, coupled with a software change mid-Project, adversely impacted the schedule and caused additional compensable costs owed to RO.

13.    The analysis of the Project, as a whole, indicates the areas of inefficiencies created by the lack of Owner coordination and responsiveness of Owner's vendors.  Contractually tasked with managing its own contractors, Microsoft bears the associated costs with the loss in productivity and efficiency. RO has identified numerous actions to Microsoft or its vendors that account for inefficiencies and delays and support RO's claim that inefficiencies arose due to impediments attributable to Owner's separately engaged contractors, service providers, and vendors.

14.    Despite the data and supporting documentation, Microsoft still refuses to acknowledge any delay and denies any costs associated with the delay in proposed change orders. Owner's mismanagement, vendor delays, software changes, and inefficiencies adversely impacted the completion date and generated significant additional costs of the work for which Owner is required to pay RO under the Contract. RO is entitled to additional general conditions and general requirements from the delays in Tranche Two and Tranche Three of the Project, for which it seeks

compensation. The Contract payment provisions provide that under these circumstances, RO is entitled to additional compensation in the amount of $34,239,947.74, plus attorney fees and costs.

## V.     CAUSES OF ACTION

### A.     COUNT 1: BREACH OF CONTRACT

15.     RO incorporates by reference all prior paragraphs. Owner has a valid Contract with RO requiring payment of all costs and expenses of construction. Owner has not paid RO in the amount of $34,239,947.74 due under the Contract. RO has demanded payment, and Owner refuses payment. Owner's non-payment is a material breach of Owner's contractual duties. Owner's acts and omissions have damaged RO, for which it seeks recovery, plus attorney fees and expenses as permitted by law, contract, and statute.

### B.     COUNT 2: QUANTUM MERUIT/UNJUST ENRICHMENT

16.     RO incorporates by reference all prior paragraphs. Alternatively, RO seeks payment for any work performed at Owner's direction without payment by Owner. If RO is not allowed to recover, RO will not be fully compensated for the labor, materials, goods, and services it provided, and it would unjustly enrich Owner. Owner received full benefit from RO's work, with the knowledge that RO expected payment. Thus, RO seeks recovery of unpaid sums under quantum meruit, and/or unjust enrichment, as applicable, plus attorney fees and expenses as permitted by law, contract, or statute.

### C.     COUNT 3: TEXAS PROMPT PAY

17.     RO incorporates by reference all prior paragraphs. Owner's actions also violate the Texas Prompt Pay Act, Chapter 28 of the Texas Property Code. RO sent a prompt pay demand to Owner for work not paid. To date, RO's claim is unfunded in the amount of $34,239,947.74, exclusive of interest, attorney's fees, and costs as permitted by statute. Owner has not specified

the basis for non-payment as required by the Act; thus, there is no good faith basis for non-payment. Accordingly, RO seeks interest, attorney's fees and costs as permitted by statute, as well as payment for work requested in its claim, in the amount of $34,239,947.74.

D.  **COUNT 4: DECLARATORY JUDGMENT ACTION- LIEN VALIDITY**

18. RO incorporates the allegations in the preceding paragraphs by reference. RO has complied with the Contract and Microsoft's requests to the best of its ability. Nevertheless, Microsoft has failed to fully compensate RO appropriately. As such, RO has been forced to file a lien in Bexar County, Texas and this lawsuit in this Court. RO has taken all steps necessary to perfect and create a statutory lien against the Project pursuant to Chapter 53 of the Texas Property Code, as well as a Constitutional lien pursuant to Article 16, Section 37 of the Texas Constitution. The Affidavit for Statutory Mechanic's and Materialman's Lien and Constitutional Lien was filed on March 4, 2020, as Document Number 20200047572 in the Official Public Records of Bexar County, Texas. That day, RO also sent correspondence to Microsoft notifying Microsoft of the filed lien.

19. Pursuant to Chapter 37 of the Texas Civil and Practice Remedies Code, the Uniform Declaratory Judgment Act, RO seeks a declaration from this Court that:

- RO complied with the requirements for perfecting a lien pursuant to Section 53.052 through 53.055 of the Texas Property Code.

- Pursuant to Chapter 53 of the Texas Property Code and as a matter of Texas law, the RO's lien is valid, perfected, and enforceable.

RO seeks its attorney fees and costs as permitted by statute under Chapter 37.

E.  **COUNT 5: LIEN FORECLOSURE**

20. RO incorporates by reference all prior paragraphs. RO has taken all steps necessary to perfect and create a mechanic's lien against the Project pursuant to Chapter 53 of the Texas

Property Code, as well as a Constitutional Lien pursuant to Article 16, Section 37 of the Texas Constitution.

21. RO is entitled to and seeks the establishment and foreclosure of its Mechanic's and Materialman's Lien on the property described above under § 53.154 of the Property Code, together with all improvements located thereon. RO is entitled to an Order of Sale and a Writ of Possession to be issued by a sheriff or constable with the State of Texas, directing him/her to seize and sell said property as under execution and satisfaction of Microsoft's obligations by reason of its failure to pay the sums due and owing as set forth above. If the proceeds of such sale are insufficient to satisfy Microsoft's obligations, then RO requests that the sheriff or constable take the money and any balance thereof remaining unpaid out of any other property of Microsoft, as in the case of ordinary execution. Any excess amounts should be paid to Microsoft. RO seeks its attorneys' fees and costs of court as provided by statute.

## VI.   DAMAGES

22. As a result of Owner's acts and omissions, RO has suffered actual damages in the amount of $34,239,947.74, including delay damages, increased construction costs, and increased general requirements. Owner's actions generated additional general requirements and indirect costs to complete the work, including legal fees and scheduling experts, for which RO seeks recovery. RO reserves the right to revise, amend, or supplement its damages.

## VII.   ATTORNEY'S FEES, INTEREST, AND COSTS

23. RO seeks recovery of attorney's fees and costs under Texas Civil Practice and Remedies Code § 37.009 and § 38.001 *et seq.*, Texas Property Code § 28.004, Texas Rules of Civil Procedure 131 and 141, and any other applicable statute. It also seeks pre-and post-award interest at the maximum rate allowed by law.

## VIII.  CONDITIONS PRECEDENT

24. RO has satisfied, or substantially complied with all conditions precedent to its right to recovery, or Owner has waived or excused such conditions precedent.

## CONCLUSION AND PRAYER

For these reasons, Rogers-O'Brien Construction, LLC respectfully asks for recovery on its claims and causes of action against Microsoft Corporation and that the Court award it the following relief:

(a) The amount of actual damages suffered by RO;
(b) The amount of any consequential, incidental, or special damages suffered by RO as permitted;
(c) Pre-award and post-award interest;
(d) Court costs;
(e) Attorneys' fees; and
(f) Any other relief, both legal and equitable, to which RO may be justly entitled.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted,

COKINOS | YOUNG
Las Cimas IV
900 S. Capital of Texas Highway
Suite 425
Austin, Texas 78746
(512) 476-1080 (Office)
(512) 476-1198 (Direct)
(512) 610-1184 (Fax)

By: */s/ Stephanie H. Cook*
STEPHANIE H. COOK
State Bar No. 24013071
scook@cokinoslaw.com

**ATTORNEY FOR PLAINTIFF
ROGERS-O'BRIEN CONSTRUCTION, LLC**